UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 19- |
| | ) | |
| SHAWN SHAPIRO, D.C., and | ) | |
| PORT CITY CHIROPRACTIC, P.L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

COMPLAINT

1.      The United States of America brings this action on behalf of the United States Department of Health and Human Services ("HHS"), an agency of the United States, seeking recovery of monies wrongfully paid to, and for civil penalties against, the defendants, Shawn Shapiro, D.C. and Port City Chiropractic, PLLC, under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, and for Conversion, Unjust Enrichment, and Payment by Mistake, based upon claims made to the United States in order to obtain payments from the Medicare Program for services that were not properly documented between approximately 2010 and 2014.

JURISDICTION AND VENUE

2.      The jurisdiction of this Court is founded upon 28 U.S.C. §§ 1345 and 1355, and 31 U.S.C. § 3730.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 31 U.S.C. § 3732(a).

<u>PARTIES</u>

4.      The United States is the plaintiff in this action on behalf of HHS.  HHS is an agency and instrumentality of the United States and its activities, operations and contracts are paid from federal funds.  HHS administers the Health Insurance Program for the Aged and Disabled established by Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 <u>et</u> <u>seq.</u> ("Medicare").

5.      Defendant Shapiro is a resident of Portsmouth, New Hampshire and is subject to the jurisdiction of this Court.  At all times material to this civil action, Shapiro was a licensed chiropractor practicing in New Hampshire, who participated in the Medicare program in New Hampshire.  Shapiro is the principal owner of Port City Chiropractic, PLLC, ("PCC") a professional limited liability company organized under the laws of New Hampshire.

<u>OPERATION OF THE MEDICARE PROGRAM</u>

6.      Medicare is a federal health insurance program for people aged 65 and older as well as persons under 65 who are blind or disabled.  The Medicare program is administered by the Centers for Medicare & Medicaid Services ("CMS"), an agency of HHS.

7.      There is a voluntary Supplemental Insurance Benefit under Medicare known as Part B.  Part B pays for outpatient expenses of physicians, therapists, laboratories and services, including podiatrists.  Medicare beneficiaries pay a monthly premium for Medicare Part B and are subject to a 20 percent coinsurance and annual deductible.

8.      CMS contracts with private insurance organizations, referred to as carriers under Part B, to receive, adjudicate, and pay Medicare claims submitted by approved and participating health care providers.  These carriers are required to administer the Medicare program according

to the regulations established by CMS.  Funds for reimbursing Medicare Part B claims come

from the Medicare Trust Fund and are federal funds.

9.     Claims for Part B covered services must be submitted by a provider or supplier to

the appropriate regional carrier based upon the beneficiary's state of residence.  CMS has

contracted with National Government Services ("NGS") to be the carrier that handles Medicare

Part B claims in New Hampshire.

10.     CMS is required by law to provide a unique identification number for each

provider who provides or prescribes services for which payment is made by Medicare.  Claims

billed to Medicare for any service or item must show the name and provider number for the

rendering provider.  By becoming a participant provider in Medicare, enrolled providers agree to

abide by the rules, regulations, policies and procedures governing reimbursement, and to keep

and allow access to records and information as required by Medicare.  In order to receive

Medicare funds, enrolled providers, together with authorized agents, employees, and contractors

are required to abide by all the provisions of the Social Security Act, the regulations promulgated

under the Act, and applicable policies and procedures issued by the Part B carrier.

11.     To obtain payment, Medicare providers are required to submit claims for payment

to Medicare carriers.  Medicare providers are required to provide certain information on claims,

including, but not limited to, the provider's name and Medicare provider number, the name of

the beneficiary for whom the service was provided, the beneficiary's Medicare number, the date

the service was performed, and a description of the illness or injury that made the service

medically necessary.  The medical services provided are to be identified by the use of codes,

which are numeric descriptions of the services for which payment is sought by the provider.  The

codes are assigned by the American Medical Association and designated as Current Procedural Terminology ("CPT") codes. The claims can be submitted electronically or in paper format.

12.     The CPT codes reported must be supported by documentation in the medical record of the corresponding patient. Such records must be retained for seven years. Any payment made for a service not substantiated by sufficient documentation is considered an overpayment and must be refunded to the Medicare program.

13.     Medicare covered chiropractic services include manual manipulation of the spine if medically necessary to correct a subluxation when provided by a chiropractor or other qualified provider. The providers must maintain accurate records to reflect the medical necessity of any services provided in order to be eligible for payment from Medicare.

## THE DEFENDANTS' CONDUCT

14.     From about January 1, 2010 to May 31, 2014, defendants Shapiro and PCC submitted claims seeking Medicare payments. On multiple occasions defendants submitted claims, and caused claims to be submitted, to Medicare for services despite having insufficient medical records documenting that these services were medically necessary. Because defendants lacked records to document that these services were medically necessary, they were not entitled to receive payments for these services.

## COUNT ONE – FALSE CLAIMS ACT

15.     The allegations of paragraphs 1 through 14 are realleged and incorporated by reference.

16.     From about January 1, 2010, through about May 31, 2014, in the District of New Hampshire, Shapiro and PCC (1) knowingly presented, or caused to be presented, to an officer or employee of the United States Government a false or fraudulent claim for payment or approval

or (2) knowingly made, used, or caused to be made or used, a false record or statement to get a

false or fraudulent claim paid or approved by the government.

17.     The claims for payments from Medicare were false or fraudulent because

(1) Shapiro and PCC lacked sufficient documentation to support the claims that were submitted

to Medicare. and (2) those claims did not accurately reflect the information contained in

Shapiro's patient files.  Absent the false statements made by and caused by Shapiro and PCC, the

Medicare program would not have made payments to Shapiro and PCC for these services, or

would have made lesser payments, as set forth in paragraphs 1 through 14.

18.     In reliance upon the false and misleading information and representations

contained in those claims, the United States made payments to Shapiro and PCC, in violation of

the provisions of 31 U.S.C. §§ 3729-3733.

19.     As used in paragraph 16, the word "knowingly" means that a person, with respect

to information, (a) has actual knowledge of the information, (b) acts in deliberate ignorance of

the truth or falsity of the information, or (c) acts in reckless disregard of the truth or falsity of the

information.

20.     For each violation of the FCA, the United States is entitled to recover treble

damages from defendants Shapiro and PCC, being three times the amount paid by the United

States for those false claims.  See 31 U.S.C. § 3729(a).

21.     In addition, for each violation of the FCA, the United States is entitled to recover

from the defendants a civil monetary penalty of not less than $5,500.00 and not more than

$11,000.00 per false claim or statement.  Id.; 64 Fed. Reg. 47099, 47103 (1999).

## COUNT TWO – CONVERSION

22.     The allegations of paragraphs 1 through 14 are realleged and incorporated by reference.

23.     All payments made by the Medicare program to the defendants that are described in paragraphs 1 through 14 are the lawful property of the United States.

24.     The defendants have knowingly converted these funds for their own uses all in derogation of the rights of the United States, which is entitled to these funds.

25.     As a result of this conversion by the defendants, the United States has been damaged in the amount of the payments the defendants have wrongfully received and withheld from the United States.

## COUNT THREE – UNJUST ENRICHMENT

26.     The allegations of paragraphs 1 through 14 are realleged and incorporated by reference.

27.     The United States, through the Medicare program, paid funds to the defendants based upon false representations of facts.  If the defendants had truthfully disclosed that (1) Shapiro and PCC lacked sufficient documentation to support the claims that were submitted to Medicare and (2) those claims did not accurately reflect the information contained in Shapiro's patient files, the defendants would not have been entitled to receive the Medicare payments described in paragraphs 1 through 14.  As a result, the defendants received payments from the Medicare program to which they were not entitled.

28.     The defendants have been unjustly enriched by retaining the use and enjoyment of the monies paid to them by the Medicare program as a result of their misrepresentations that suggested that they were entitled to receive certain Medicare payments.

6

29.     The defendants have been unjustly enriched in the amount of the Medicare payments made to the defendants, which they converted to their own use and benefit.

<u>COUNT FOUR – PAYMENT BY MISTAKE</u>

30.     The allegations of paragraphs 1 through 14 are realleged and incorporated by reference.

31.     The United States, through the Medicare program, made payments to the defendants based upon the belief that they were properly entitled to receive these payments.  This belief was based upon representations made by the defendants that suggested that they were entitled to receive those payments.

32.     This belief was mistaken and erroneous because the defendants in fact were not entitled to receive payments from the Medicare program for the services described in paragraphs 1 through 14.

33.     This mistakenly and erroneously formed belief was material to the Medicare program's decision to make payments to the defendants.  The Medicare program would not have made payments to the defendants had it been aware of all of the facts.

THEREFORE, the plaintiff United States of America respectfully requests this Court to:

A.     Enter judgment for the plaintiff and against the defendants on each of Counts One, Two, Three and Four of this Complaint, as follows:

    (i)     Count One – An amount equal to three times the loss sustained by the United States, plus $11,000.00 per false claim or representation, as provided in 31 U.S.C. § 3729(a);

    (ii)     Count Two – Conversion damages, plus interest;

    (iii)     Count Three – Unjust Enrichment damages, plus interest;

(iv)     Count Four – Payment by Mistake damages, plus interest;

B.     Award the United States its costs in this action; and

C.     Grant such other and further relief as is just and proper.

Respectfully submitted,

SCOTT W. MURRAY
United States Attorney


By:   /s/ Michael McCormack
Michael McCormack
Assistant U.S. Attorney, NH Bar No. 16470
United States Attorney's Office
53 Pleasant Street
Concord, NH  03301
Dated:  March 27, 2019                    michael.mccormack2@usdoj.gov

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**  County of Residence of First Listed Plaintiff<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government
       Plaintiff
- ❏ 2   U.S. Government
       Defendant
- ❏ 3   Federal Question
       *(U.S. Government Not a Party)*
- ❏ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>❏ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product<br>  Liability<br>❏ 320 Assault, Libel &<br>  Slander<br>❏ 330 Federal Employers'<br>  Liability<br>❏ 340 Marine<br>❏ 345 Marine Product<br>  Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle<br>  Product Liability<br>❏ 360 Other Personal<br>  Injury<br>❏ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury  -<br>  Product Liability<br>❏ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>❏ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal<br>  Property Damage<br>❏ 385 Property Damage<br>  Product Liability | ❏ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 835 Patent - Abbreviated<br>  New Drug Application<br>❏ 840 Trademark | ❏ 375 False Claims Act<br>❏ 376 Qui Tam (31 USC<br>  3729(a))<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 485 Telephone Consumer<br>  Protection Act<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/<br>  Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts |
| | | | **LABOR**<br>❏ 710 Fair Labor Standards<br>  Act<br>❏ 720 Labor/Management<br>  Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical<br>  Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement<br>  Income Security Act | **SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters<br>❏ 895 Freedom of Information<br>  Act<br>❏ 896 Arbitration<br>❏ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>❏ 950 Constitutionality of<br>  State Statutes |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/<br>  Accommodations<br>❏ 445 Amer. w/Disabilities -<br>  Employment<br>❏ 446 Amer. w/Disabilities -<br>  Other<br>❏ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate<br>  Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>❏ 871 IRS—Third Party<br>  26 USC 7609<br><br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration<br>  Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1   Original
       Proceeding
- ❏ 2   Removed from
       State Court
- ❏ 3   Remanded from
       Appellate Court
- ❏ 4   Reinstated or
       Reopened
- ❏ 5   Transferred from
       Another District
       *(specify)*
- ❏ 6   Multidistrict
       Litigation -
       Transfer
- ❏ 8   Multidistrict
       Litigation -
       Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN
##     COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION**
  UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:     ❏ Yes    ❏No

## VIII. RELATED CASE(S)
##      IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Case 1:19-cv-00320   Document 1-1   Filed 03/27/19   Page 2 of 2

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**     **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**     **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**     **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**     **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**     **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**     **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**     **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: